UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03416-JRS-DLP |
| | ) | |
| GEO GROUP, INC. The, | ) | |
| MARY A. CHAVEZ Dr., | ) | |
| SAMUEL BYRD Dr., | ) | |
| BRUCE D. IPPEL Dr., | ) | |
| MARK A. CABRERA Dr., | ) | |
| ALECIA B. HUFF RN, | ) | |
| DEBRA K. ELLINGTON RN, | ) | |
| JESSICA KENEKHAM LPN, | ) | |
| LISA BERGESON RN, | ) | |
| JESSICA WIGAL LPN, | ) | |
| T. AULER, | ) | |
| LUCRETIA L. CHEEK MA, | ) | |
| JUDY K. SWAIN MA, | ) | |
| STACEY SCOTT HSA, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Defendants Samuel Byrd, Mary A. Chavez, and Alecia Huff's
Motion for Summary Judgment**

In this 42 U.S.C. § 1983 action, Indiana Department of Correction inmate James Griffith

commenced this lawsuit no earlier than October 28, 2018, when he signed his complaint. Dkt. 1.

He alleges the defendants Samuel Byrd, Mary A. Chavez, and Alecia Huff (Corizon defendants),

health care providers at the Wabash Valley Correctional Facility (WVCF), were deliberately

indifferent to his serious medical needs. *Id.* Mr. Griffith also asserts state law negligence claims

against them.

The Corizon defendants seek summary judgment on the basis that (1) Mr. Griffith failed to

exhaust his administrative remedies against them, and (2) the Indiana statute of limitations for

personal injury claims bars Mr. Griffith's claims against them. Dkt. 55. Mr. Griffith responded, asserting that the administrative remedy process was not available to him, and that the statute of limitations had not run on his claim because it only accrued when he realized he had a claim well after he left WVCF. Dkt. 60. Mr. Griffith also contended that the statute of limitations question was not properly before the Court because the exhaustion question had not yet been resolved.

The Court determined that an evidentiary hearing would be necessary to resolve the exhaustion question. Dkt. 68 at p. 1. But it also noted that whether Mr. Griffith's claims against the Corizon defendants were barred by Indiana's statute of limitations could be decided with evidence of when Mr. Griffith was transferred from WVCF, and that in the interests of conserving judicial resources, the issue could be addressed before resolving the exhaustion issue. *Id.* at pp. 2-3. The parties were directed to submit evidence of the date Mr. Griffith left WVCF. *Id.* at p. 3. The Corizon defendants have submitted evidence showing that Mr. Griffith left WVCF on October 25, 2016. Dkts. 69 & 70. Mr. Griffith filed this lawsuit, at the earliest, on October 28, 2018, two years and three days after he left WVCF.

The continuing harm doctrine provides that a statute of limitations does not begin to accrue until the defendants' wrongful conduct has run its course. *See United States v. Spectrum Brands, Inc.*, 924 F.3d 337, 350 (7th Cir. 2019).; *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). When a defendant is no longer in a position to continue their wrongful conduct, or to remedy it, the continuing harm has ended. *Id.* In this case that was when Mr. Griffith left WVCF on October 25, 2016. Dkts. 69 & 70. The Corizon defendants' course of conduct ended on that date.

In § 1983 actions, federal courts borrow the forum state's limitations period on a plaintiff's claims. Mr. Griffith's claims against the Corizon defendants are subject to Indiana's two-year statute of limitations. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (applying Indiana's

two-year statute of limitations, Ind. Code § 34–11–2–4, for personal injury actions to section 1983 claims). Mr. Griffith does not dispute that he was moved from WVCF on October 25, 2016, or that the effective filing date of his complaint was October 28, 2018. He argues that the limitations period did not start to run until he realized that the Corizon defendants' conduct was actionable, which was some time after he had been moved away from WVCF. This argument is without merit. Mr. Griffith made numerous requests for pain medication and an MRI examination well before he was moved, but his requests were not honored. He knew or should have known of his claim well before he left WVCF. Thus, when Mr. Griffith left WVCF on October 25, 2016, the Indiana limitations period began to run, and expired three days before this action's effective filing date. Mr. Griffith's claims against Samuel Byrd, Mary Chavez, and Alecia Huff are barred by Indiana Code § 34–11–2–4.

For the reasons explained above, the motion for summary judgment of Dr. Samuel Byrd, Dr. Mary A. Chavez, and Nurse Alecia B. Huff, dkt. [55], is **granted**. All claims in this action brought against these three defendants are **dismissed with prejudice**. The clerk is directed to terminate Dr. Byrd, Dr. Chavez, and Nurse Huff from the docket as defendants. No partial final judgment is necessary at this time.

**IT IS SO ORDERED**.

Date: 3/5/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Griffith
117892
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

Adriana Katzen
Bleeke Dillon Crandall Attorneys
adriana@bleekedilloncrandall.com

Austin Allen Shadle
BBKCC Attorneys
ashadle@bbkcc.com

Jarod Zimmerman
Katz Korin Cunningham, P.C.
jzimmerman@kkclegal.com